EL PUEBLO, DEMANDANTE Y APELADO, *v.* GABINO, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao
en causa por infracción del artículo 162 del Código Penal.

No. 973.—Resuelto en abril 25, 1916.

DELITO CONTRA EL DERECHO ELECTORAL—DERECHO ELECTORAL—ACUSACIÓN SUFI-
CIENTE—INSCRIPCIÓN DE ELECTORES—RESIDENCIA.—De acuerdo con el artículo
162 del Código Penal, es suficiente una acusación que imputa al acusado el
hecho de que voluntariamente se hizo inscribir en el registro de electores del
municipio, sabiendo que no tenía derecho a tal inscripción por carecer de la
residencia legal que determina la ley, o sea, un año con antelación a la fecha
de las elecciones.

INSCRIPCIÓN DE ELECTORES—PERSONAS QUE PUEDEN INSCRIBIRSE—LISTAS ELEC-
TORALES—ELECTORES CAPACITADOS.—Sólo pueden inscribirse los que tengan
derecho a votar, y por lo tanto si una persona que sabe que no tendrá derecho
a votar, eso no obstante se inscribe, comete el delito a que se refiere la sección
162 del Código Penal. Las listas se llaman electorales, y fué el propósito
de la legislatura que sólo figuraran en ellas electores capacitados para votar.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Arturo Aponte, Jr.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

El Fiscal de la Corte de Distrito de Humacao formuló
acusación contra José Gabino, imputándole la comisión del
siguiente hecho:

"El citado acusado, allá por uno de los días del mes de julio de
1914, y en Naguabo, que forma parte del Distrito Judicial de Huma-
cao, allí y entonces, voluntariamente se hizo inscribir en el registro
de electores del referido municipio de Naguabo, sabiendo que no tenía
derecho a tal inscripción, por carecer de la residencia legal que deter-
mina la ley, o sea, un año de residencia con antelación al 3 de noviem-
bre de 1914, fecha de la elección."

Al leérsele la acusación, el acusado se declaró no culpa-
ble, y en el acto del juicio excepcionó la acusación por no cons-
tituir delito público los hechos en la misma especificados. La
corte desestimó la excepción y el acusado entonces se declaró

culpable procediendo la corte a dictar sentencia imponiéndole cincuenta pesos de multa y en defecto de pago diez días de cárcel. El acusado y condenado interpuso entonces el presente recurso de apelación.

A nuestro juicio, la denuncia es suficiente. El artículo 162 del Código Penal, la ley aplicable, citada por el Fiscal en la misma acusación, dispone que incurrirá en *misdemeanor* "toda persona que voluntariamente se hiciere o dejare inscribir en el registro de electores de cualquier municipio de Puerto Rico, sabiendo que dicha persona no está capacitada para ello; * * * ." La sección 15 de la ley sobre elecciones e inscripciones (Comp. estatutos y códigos de P. R., 1911, p. 184), prescribe que "Todo varón, * * * y que hubiere residido durante un año, con antelación a la fecha de las elecciones, en el municipio donde se celebre la elección, tendrá derecho a votar en el precinto donde estuviere inscrito su nombre, * * *." Y el 3 de noviembre de 1914 tuvieron lugar unas elecciones generales en la Isla de Puerto Rico y, por consiguiente, en el municipio de Naguabo.

Si lo expuesto en el párrafo que precede se relaciona con lo consignado en la denuncia, no hay que hacer esfuerzo alguno para concluir que el Fiscal imputó al acusado un hecho claramente constitutivo de un delito menos grave previsto y castigado por la ley.

El caso de *El Pueblo* v. *Gallardo*, 22 D. P. R. 153, no es aplicable. Allí se trataba de una doble inscripción no penada por la ley, y aquí se trata de una inscripción hecha voluntariamente por una persona que sabía que no tenía derecho a ello pues no llevaba en el municipio donde se inscribió el año de residencia con anterioridad a la elección que exige la ley para conferir el derecho a votar.

La circunstancia de que la ley de elecciones e inscripciones hable del *derecho a votar* y no del *derecho a inscribirse,* no tiene importancia. Sólo pueden inscribirse los que ten-

gan derecho a votar y, por lo tanto, si una persona que sabe que no tendrá derecho a votar, eso no obstante se inscribe, comete el delito a que se refiere la sección 162 del Código Penal. Las listas se llaman *electorales* y fué el propósito del legislador que sólo figuraran en ellas electores capacitados para votar.

Por virtud de todo lo expuesto, debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.